HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMIEL A KANDI,<br><br>          Plaintiff,<br><br>   v.<br><br>HERITAGE FINANCIAL CORPORATION, *et al.*,<br><br>          Defendants. | CASE NO. C16-5648-RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br>[DKT. #1] |

THIS MATTER is before the Court on Plaintiff Kandi's Motion for Leave to Proceed in *forma pauperis*, based on his proposed Complaint [Dkt. #1]. Kandi claims that Defendant Heritage Financial (successor to NW Commercial Bank) and its employees (including Defendant Goodell, who is in prison) fraudulently reneged on a promise to loan Kandi's company, White Oak Partners II, LLC, $8.7 million secured by four barrels of uncut emeralds. Kandi claims that he is White Oak Partners II, LLC's agent:

ORDER DENYING MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS - 1

1  (1)  Emiel A. Kandi is the Plaintiff in this case. Emiel A.
2       Kandi was the agent for White Oak Partners II, LLC and is
3       now the sole member and is personally the assignee for this
4       litigation and all accrued damages created by the Defendant's
5       fraud and misrepresentation.

6 [Dkt. # 1 at 3]

7    A virtually identical claim was at issue in *White Oak Partners II, LLC v. Heritage
8 Financial Corp.*, Cause No. 14-CV-5911RBL. There, Kandi also claimed that he was White
9 Oak's "agent":

10   c. On or about December 1, 2008 Strategic Worldwide Investments, Inc. resolved
11      to appoint Emiel A. Kandi as an agent for "all matters" the company and
12      subsidiaries. The resolution further directed the formation of a subsidiary, White
13      Oak Partners II, LLC, and authorized and appointed Emiel A. Kandi to act agent
14      for this LLC in all matters.

15 [Dkt. #1-1 at 3 in that case].

16   The prior case against Heritage was dismissed with prejudice on summary judgment
17 ['Dkt. #20 in that case]. White Oak filed but voluntarily dismissed an interlocutory appeal, [Dkt.
18 #23], and then voluntarily dismissed its remaining claims against the Goodells [Dkt. #25]. White
19 Oak—through its agent, Kandi, purporting to act *pro se*— again appealed the summary judgment
20 [Dkt. #27] and ultimately paid the filing fee, but because White Oak failed to secure counsel and
21 Kandi could not represent it *pro se*, the appeal was dismissed for failure to prosecute. [Dkt. #s 31
22 & 32].

23   Kandi now asserts on his own behalf essentially the same claims, arising out of exactly
24 the same facts. [Dkt. #1] In short, he claims that Heritage was obligated to loan him $.8.7 million

based on his oral agreement with Goodell[1], and is liable to him for all of the damages he suffered because he could not consummate a fraudulent loan.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1] The banks fired Goodell in 2010 for stealing $1 million from the Tacoma Rescue Mission, , and Goodell currently in prison for fraud.

1   Kandi's proposed complaint does not and cannot meet this standard. The case was
2   frivolous when it was filed the first time, and the bulk of it was dismissed with prejudice on the
3   merits.

4   All of Kandi's proposed claims are facially barred by *res judicata*. Under *res judicata*, "a
5   final judgment on the merits of an action precludes the parties or their privies from re-litigating
6   issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94
7   (1980). The doctrine of *res judicata* bars a party from re-filing a case where three elements are
8   met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between
9   parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850, n. 4 (9th Cir. 2000); *Thompson v. King*
10  *Co.*, 163 Wash. App. 184 (2011).

11  This claim is literally a repeat of his prior claim. The parties are the same, or in privity
12  (Kandi remains White Oak's (only) "agent" and claims to be the assignee of all its claims, which
13  were dismissed). And while Kandi has added to the laundry list of claims asserted, each claim
14  arises out of the exact same facts: Goodell promised that his employer would loan Kandi the
15  money. The claim is barred by the dismissal with prejudice of the same prior claim, arising out
16  of the same transaction, against the same lender.

17  Furthermore, even if Kandi could amend his complaint to plausibly state a claim that was
18  not barred by the prior case, any such claim would be time barred—the conduct of which he
19  complains occurred in 2010.

20  The Motion for leave to proceed in forma pauperis is DENIED. Ordinarily, the Court will
21  permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim.
22  *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without

23

24

1 leave to amend is improper unless it is clear, upon de novo review, that the complaint could not
2 be saved by any amendment.)
3     But the deficiencies in Kandi's 40 page complaint, arising out of and referencing all of
4 the same facts as the prior case, cannot possibly be cured. There is nothing he could allege that
5 would alter the conclusion that these claims are barred, both by res judicata and time. They are
6 also frivolous on the merits, as they were the first time they were asserted. The Court will not
7 permit Kandi to file a proposed amended complaint, and if he pays the filing fee the case will be
8 dismissed *sua sponte* for the reasons outlined in this order, and in the Court's order dismissing
9 with prejudice the prior, identical case.
10     IT IS SO ORDERED.

12     Dated this 2nd day of August, 2016.

14     Ronald B. Leighton
15     United States District Judge