HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMIEL A KANDI,<br><br>  Plaintiff,<br><br>  v.<br><br>HERITAGE FINANCIAL CORPORATION,<br><br>  Defendant. | CASE NO. C16-5648-RBL<br><br>ORDER DENYING MOTION TO RECUSE |

THIS MATTER is before the Court on Plaintiff Kandi's Motion to Recuse. This Court already dismissed the case on *res judicata* and other grounds, and the case is on appeal. Kandi claims that because this Court presided over his criminal trial (and conviction, and sentencing) it cannot impartially preside over this (or, presumably, the prior) civil case.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. §144; 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In the absence of specific allegations of personal

1    bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a
2    related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163
3    (9th Cir. 1981). Judicial rulings alone *almost never* constitute valid basis for a bias or partiality
4    motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994)(emphasis added).

5    Under the Local Rules of this District, a motion for recusal is addressed first to the
6    presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief
7    judge for review. *See* LCR 3(e). This Court therefore considers Kandi's Motion in the first
8    instance.

9    Kandi's Motion is DENIED. The fact that the Court presided over his criminal trial is not
10   enough to establish an objective appearance of bias or prejudice in this civil case.

11   The fact that Kandi was convicted in this Court is not objective evidence of bias or
12   prejudice, and is not enough to warrant recusal under an objective standard. If this were the rule,
13   a litigant would never have to litigate a second case before a Court that found his first case
14   wanting. This is not the law, and it should not be the law. The prior case is unrelated and the
15   rulings in it have no bearing on this case.

16   If and to the extent the pendency of Kandi's appeal of the dismissal of this case requires
17   leave of the Ninth Circuit for the entry of this Order under Fed. R. Civ. P. 62.1 or F.R.A.P. 12.1,
18   //
19   //
20   //
21   //
22   //
23
24

1   the Court STATES that, if the case were remanded for the limited purpose of denying the Motion

2   to Recuse, it would do so, and would refer this matter to Chief Judge Martinez under LCR 3(e).

3        IT IS SO ORDERED.

4        Dated this 1st day of September, 2016.

_____
Ronald B. Leighton
United States District Judge